IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                                     No. CR 04-1978 JB

ROBERT MICHAEL. HANRAHAN,

  Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Pro Se* Defendant's Motion to Dismiss Indictment, filed November 15, 2004 (Doc. 3). The primary issues are whether the Court should dismiss the indictment because: (i) Defendant Robert Michael Hanrahan alleges that he has evidence to show his innocence; (ii) there was an alleged delay in the United States' disclosures; and (iii) there was an alleged delay in arraigning Hanrahan. Because none of these asserted grounds provides a proper or adequate ground to dismiss the indictment, and consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the motion.

## PROCEDURAL BACKGROUND

Hanrahan was arrested in July of 2004. The United States represents that, to the best of its knowledge, Hanrahan was held in state custody on unrelated charges. The United States indicted Hanrahan on October 7, 2004. See Indictment (Doc. 1). As of November 15, 2004, when Hanrahan filed this motion, he had not yet been arraigned or advised of charges against him.

Hanrahan was brought to federal court on a writ of arraignment on the present offense on

December 17, 2004. Thereafter, he filed motions in the federal case and requested a number of delays of the federal proceedings. The Court file documents all of the motions filed in his behalf and for his benefit.

Hanrahan has a witness and an affidavit showing that the firearm was inoperable, that he did not own it, and that a friend placed it in his vehicle without his knowledge. Hanrahan has given the affidavit to his state public defender, Raymond Maestas. The United States represents that it has learned from the state prosecutor involved that Mr. Maestas currently represents Hanrahan on unrelated methamphetamine trafficking and other charges in Albuquerque, New Mexico.

Hanrahan moved to dismiss the indictment. Jane Greek, Hanrahan's present counsel, represented to the Court that, at the time he filed this motion, he was represented by a state public defender and that he filed this motion on his own behalf. Hanrahan asks the Court to give him a hearing on his witness affidavit and to let his witnesses testify to the facts. Hanrahan asks the Court to dismiss the charges and indictment against him with prejudice.

## **LAW REGARDING MOTIONS TO DISMISS AN INDICTMENT**

Rule 12(b)(2) of the Federal Rules of Criminal Procedure allows a party to raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue. See Fed. R. Crim. P. 12(b)(2). When a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment. See United States v. Welch, 327 F. 3d 1081, 1090 (10th Cir. 2003). Courts should generally refrain from considering evidence outside the indictment when testing its legal sufficiency. See United States v. Hall, 20 F. 3d 1084, 1087 (10th Cir. 1994).

The United States Court of Appeals for the Tenth Circuit has upheld a district court's

dismissal of charges at the pretrial stage based on evidence beyond the four corners of the indictment in very limited circumstances. See United States v. Brown, 925 F. 2d 1301, 1304 (10th Cir. 1991); United States v. Wood, 6 F. 3d 692, 695 (10th Cir. 1993). The Tenth Circuit explained these cases in United States v. Hall, stating:

> [W]e read Brown and Wood as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district courts consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination, that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

United States v. Hall, 20 F. 3d at 1088. See United States v. China Star, et. al., No. CR 04-1468 JB, Memorandum Opinion and Order at 2-3, filed March 16, 2005 (Doc. 97).

## ANALYSIS

### 1. Hanrahan's Affidavit.

Not all of the reasons specified in Hanrahan's motion are appropriate for consideration in a motion to dismiss. For example, the first ground does not address dismissal. Hanrahan contends that the affidavit and the witnesses' testimony establish that the affiant placed the non-working firearm in Hanrahan's vehicle without his knowledge while the affiant was using Hanrahan's vehicle for personal use of moving before returning the vehicle to Hanrahan.

Unless the United States consents, which it does not appear to do, the Court cannot, on a motion to dismiss, consider matters outside the four corners of the indictment. See United States v. Welch, 327 F. 3d at 1090; United States v. Hall, 20 F. 3d at 1088. Thus, the Court will consider and address this matter when it considers the United States' Motion *in Limine*, and/or allow the jury to

consider and weigh this evidence at trial.

**2.    Disclosures.**

Hanrahan asserts that the United States has failed to make timely disclosures of the case against him. Hanrahan contends that he wants to prove his innocence, and the United States has yet to disclose its case or advise him of the nature of the case against him.

The United States represents that it provided early discovery in this case. The United States documented these disclosures in the motions it filed. The United States' disclosures or timing of them thus do not justify dismissal of the indictment. At the hearing on this motion, Hanrahan's counsel represented that, at the present time, there is no issue on disclosures. See Transcript of Hearing at 3:17-19 (taken July 18, 2005).[1] Accordingly, the Court will deny Hanrahan's motion to dismiss on this basis.

**3.    Delay.**

Hanrahan contends that the United States delayed his arraignment after placing a detainer on him, thereby denying him equal protection of law. Hanrahan is making known his intent to demand a speedy trial. At the hearing on this motion, the Court clarified the sequence of events. According to the parties' representations, Hanrahan was in state custody until he was brought to federal court on a writ of arraignment on the instant offense. See Order, filed December 3, 2004 (Doc. 6)(authorizing the United States' Writ of Habeas Corpus ad Prosequendum).

The Tenth Circuit has "acknowledge[d] there are instances in which an extended pre-arraignment delay may implicate a defendant's rights and require judicial review." Robertson v.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Price City Police Dept., 83 Fed. Appx. 286, 287-88 (10th Cir. Dec 11, 2003)(citing Strunk v. United States, 412 U.S. 434, 440 (1973)(unreasonable delay between prisoner's indictment and arraignment violated his right to a speedy trial); United States v. Padilla-Mendoza, 157 F.3d 730, 731-32 (9th Cir.1998)(confession given during pre-indictment delay may be suppressed); United States v. Grimmond, 137 F.3d 823, 827 n.1 (4th Cir.1998)(delay between indictment and arraignment may violate defendant's right to due process where actual prejudice is shown); Oviatt v. Pearce, 954 F.2d 1470, 1475 (9th Cir.1992)(arrestee's rights were violated where arrestee was detained for 114 days before being arraigned, and state statute created liberty interest in being free from incarceration without prompt pretrial and trial procedures); United States v. Comosona, 848 F.2d 1110, 1114 (10th Cir.1988) (pre-indictment delay may provide grounds for speedy trial violation)). In Robertson v. Price City Police Dept., the Tenth Circuit recognized that a sixty-five-day delay before arraigning the defendant "does appear somewhat extended." 83 Fed. Appx. at 288. The Tenth Circuit then held:

> However, regardless of this extended time, such a delay cannot support [the defendant's] contention that his liberty rights were violated. As the district court correctly noted, [the defendant] was already being detained by the state for his parole violation, the validity of which has not been challenged. The pre-indictment delays associated with the charges levied against [the defendant] for receipt of stolen property and assault do not undermine the lawfulness of his parole violation detention. Because [the defendant] was appropriately restrained by his parole violation detention, the delays resulting from the other charges had no impact on his liberty.

Id. Here, Hanrahan contends the approximately seventy-one day delay between the indictment and his arraignment violated his constitutional rights. Hanrahan does not challenge the lawfulness or propriety of his state custody on the unrelated charges. Because he was in state custody during this time period, any resulting delay between the time of the indictment and the arraignment does not constitute a constitutional violation. See id.

With regard to Hanrahan's challenges of undue delay, Hanrahan's filing of motions to continue and of other motions created excludable time under Title 18 U.S.C. § 3161(h)(1)(F). Hanrahan's motion for dismissal based upon delay thus lacks merit.

**IT IS ORDERED** that the *Pro Se* Defendant's Motion to Dismiss the Indictment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Johnny Sutton
  United States Attorney
Judith A. Patton
  Assistant United States Attorney
San Antonio, Texas

    *Attorneys for the Plaintiff*

Jane Greek
Barbara Mandel
  Assistant Federal Public Defenders
Las Cruces, New Mexico

    *Attorneys for the Defendant*

Robert M. Hanrahan
Albuquerque, New Mexico

    *Defendant*