IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion *in Limine* to Exclude Evidence, filed July 11, 2005 (Doc. 37). The Court held a hearing on this motion on July 18, 2005. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant in part and deny in part Defendant Robert Michael Hanrahan's motion.

## PROCEDURAL BACKGROUND

Hanrahan moves *in limine* to preclude the United States from introducing certain matters into evidence, either in its case-in-chief or by way of impeachment. Hanrahan first seeks to exclude evidence pertaining to reports of fights and/or burglaries received by the officers on the night they stopped Hanrahan. Hanrahan also asks the Court to preclude the introduction of his prior criminal record. The United States and Hanrahan have stipulated that he is a felon. Hanrahan contends that, unless he testifies, no other evidence pertaining to his criminal history is admissible. Hanrahan also asserts that, if he testifies, the following convictions are not admissible for impeachment pursuant to rule 609 of the Federal Rules of Civil Procedure: (i) convictions which occurred more than ten years

before the instant offense; (ii) 1997 conviction for receiving or transferring a stolen motor vehicle; (iii) 1997 conviction for possession of a controlled substance; (iv) 1997 conviction for possession or use of an altered license, and forgery; (v) 1998 conviction for felon-in-possession; and (vi) 18 U.S.C. § 924(e) enhancements contained in the Indictment.

## ANALYSIS

### I. THE COURT WILL EXCLUDE EVIDENCE OF AUTO BURGLARY OR "FIGHTING" THAT THE POLICE RECEIVED ON JULY 15, 2004.

Bernalillo County Sheriff's Department ("BCSO") officer Lawrence Tonna was dispatched to the area of Ortega Road in reference to a possible fight between several male subjects. Dispatch later advised Tonna that several male subjects may be trying to burglarize parked vehicles. BCSO officer Levi Justin Swint was then dispatched to assist Tonna. The reports make no further reference to fights or burglaries.

#### 1. Relevancy.

The Court will exclude the reports of fights and/or burglaries, for two reasons. First, they are irrelevant to the issue of Hanrahan's guilty or innocence on his felon-in-possession charge. Second, they are substantially and unfairly more prejudicial than probative.

Under rule 401 of the Federal Rules of Evidence, the BCSO's dispatches are not relevant to Hanrahan's guilt of innocence. There is no reference to a gun in the reports of a fight or burglary. The neighbors to whom Tonna spoke did not reference a gun.

The police investigated Hanrahan because his truck matched the description that the neighbors gave as possibly involved in criminal activity. The police found the gun incidental to the stop. The introduction of the dispatch evidence will not make a consequential fact more or less probable.

**2.     Hearsay.**

Under rule 801 of the Federal Rule of Evidence, the dispatches are not hearsay.  They are out of court statements, but the United States is not offering them for the truth of the matter asserted.  It is irrelevant whether there was a burglary or a fight.  Instead, they go to the police officers' state of mind, i.e., that they were investigating a possible crime.

**3.     Rule 403.**

The law regarding rule 403 suggests that the Court should not allow this evidence to go to the jury.  Under rule 403, the information, if given to the jury, would be prejudicial and not probative of any fact in issue.  The Court will exclude the dispatch evidence.

The dispatches are prejudicial to someone accused of a crime.  Someone reported a fight and/or burglaries taking place in the middle of the night in an Albuquerque neighborhood.  Particularly in a felon-in-possession case, the danger of unfair prejudice is great when the information as to the "course of the investigation" involves the mention of other crimes.

The Court will allow police officers to testify that they were responding to a disturbance in the area and that they effectuated a legal traffic stop of Hanrahan's vehicle.  The Court will not, however, allow any evidence that the disturbance related to fighting and/or automobile burglaries.

**II.    THE COURT WILL ALLOW SOME OF THE DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES UNDER RULE 609.**

Because the United States and Hanrahan have stipulated that he is a convicted felon, no other evidence of his prior convictions are admissible unless he testifies.  Of the convictions that Hanrahan seeks to have the Court exclude, in the event Hanrahan chooses to testify, the Court will allow the United States to introduce Hanrahan's prior conviction for possession or use of an altered license,

and forgery. On Hanrahan's prior conviction for receiving and transferring a stolen motor vehicle, theft convictions are not automatically admissible under rule 609. See United States v. Dunson, 142 F.3d 1213, 1215 (10th Cir. 1998)("[C]rimes like burglary, robbery, and theft are not automatically admissible under rule 609(a)(1) . . . ."). The Court will therefore not allow the United States to impeach Hanrahan with this prior conviction unless and until the United States presents to the Court additional facts demonstrating that the crime involved deceitfulness or untruthfulness. The Court will not permit the United States to impeach Hanrahan, if he testifies, with the following convictions: (i) convictions which occurred more than ten years before the instant offense; (ii) 1997 conviction for possession of a controlled substance; and (iii) 1998 conviction for felon-in-possession. The Court will also redact the Indictment to reflect only that Hanrahan has been previously convicted of a felony.

The Court will permit, however, the United States, should Hanrahan testify, to impeach him with his 1997 conviction for possession or use of an altered license, and forgery.[1]

**IT IS ORDERED** that the Defendant's Motion *in Limine* to Exclude Evidence is granted in part, denied in part, and dismissed in part as moot.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Hanrahan also sought *in limine* exclusion of an August 9, 2004 traffic stop. In its Response, however, the United States represented that it does not intend to introduce this evidence. Accordingly, based on this representation, the Court will dismiss this part of Hanrahan's motion as moot.

*Counsel*:

Johnny Sutton
  United States Attorney
Judith A. Patton
  Assistant United States Attorney
San Antonio, Texas

    *Attorneys for the Plaintiff*

Jane Greek
Barbara Mandel
  Assistant Federal Public Defenders
Federal Public Defender's Office
Las Cruces, New Mexico

    *Attorneys for the Defendant*