IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Motion in Limine, filed October 27, 2005 (Doc. 69). The primary issue is whether the Court should preclude two witnesses from crying on the witness stand and testifying regarding their feelings about the death of their son. Because the Court does not believe that such emotion and testimony is irrelevant or that any prejudice substantially outweighs the probative value this evidence has, the Court will deny the motion, except that the witnesses may not testify regarding their feelings about the death of their son unless they first show emotion and an explanation is appropriate.

## PROCEDURAL BACKGROUND

At Hanrahan's previous trial, which ended in a mistrial, the defense called Edward and Patricia Hartman to testify before the jury. See Clerk's Minutes at 13-15 (taken July 19, 2005)(Doc. 47). The witnesses testified that the firearm in this case belonged to their deceased son. See id.; Trial Transcript at 94-95, 118 (taken July 19, 2005)(Edward Hartman, Patricia Hartman). They also testified about their feelings regarding the loss of their son, and their feelings regarding the charge in this case. See Clerk's Minutes at 13-15; Trial Transcript at 94-95, 118.

Each witness accompanied his or her testimony with emotional expression regarding their deceased son.  See Transcript of Hearing at 94-95, 118.  The United States represents that, during the testimony of Patricia Hartman, an unidentified courtroom observer noted: " Here it comes, turn on the faucet," at which point Patricia Hartman began crying on the witness stand over the loss of her son.  Government's Motion in Limine at 1 n. 1; Trial Transcript at 118.  Additionally, Edward Hartman testified that he "felt terrible" that he had left the firearm in the vehicle Hanrahan was driving at the time of the arrest in this case.  See Trial Transcript at 95.

As the parties prepare for the retrial of this matter, the United States moves the Court in limine to prevent the defense from eliciting this testimony at trial.  See Government's Motion in Limine at 1-2.

## RULES 401, 402, and 403

The court may properly exclude some evidence and emotional expression.  See Thompson v. State Farm Fire and Casualty Co., 34 F.3d 932, 939-40 (10th Cir. 1994)(upholding the trial court's exclusion of proffered evidence, finding it to be an irrelevant and an inappropriate appeal to the jury's sympathy).  Thompson v. State Farm Fire and Casualty Co. is a civil case in which the plaintiffs sought to recover from State Farm Insurance Company.  At issue was whether the insured could recover proceeds from a fire insurance policy.  See id. at 934-35.  The insured sought to introduce evidence of epilepsy and medication.  See id. at 939-40.  The United States Court of Appeals for the Tenth Circuit held that the district court had properly excluded the evidence because it was irrelevant of itself, and had no bearing on whether the Thompsons should be permitted to recover on their fire insurance policy.  See id.  It was an appeal to the jury's sympathy, rather than an appeal for the propriety of recovery.  See id.

In <u>United States v. Hitt</u>, 981 F.2d 422 (9th Cir. 1992), where the evidence was of very slight, if any, probative value, the United States Court of Appeals for the Ninth Circuit held it was an abuse of discretion to allow its introduction if there is "even a modest likelihood of unfair prejudice or small risk of misleading the jury." <u>Id.</u> at 424. In <u>United States v. Hitt</u>, the issue was whether the internal workings of an unregistered machine gun were so dirty, worn, or defective that its firing was questionable. <u>See id.</u> at 423. The United States sought to admit a photograph that showed nothing of the gun's interior. <u>See id.</u> It did show, however, a dozen other weapons that looked like assault rifles and several knives, all belonging to Hitt's housemate. <u>See id.</u> at 424. Hitt objected to the admission of the photograph under rule 403, but the district court overruled his objection. <u>See id.</u> at 423. The Ninth Circuit held that the photograph was irrelevant, because the outside appearance said nothing about the gun's internal condition and, further, the unfair prejudice to the defendant was manifest in the fact that the picture also contained "a dozen nasty looking weapons." <u>Id.</u> at 424.

## **ANALYSIS**

The United States argues that these two witnesses were embellishing their testimony and that their emotional expressions were excessive. <u>See</u> Government's Motion in Limine at 1. The United States also contends that the emotional expressions were a transparent attempt to obtain sympathy from the jury. <u>See id.</u> Indeed, the United States asserts that the testimony and emotional expressions were nothing more than a defense play for sympathy. <u>See id.</u> at 1 n. 1. The United States relies on <u>Thompson v. State Farm Fire and Casualty Co.</u> and <u>United States v. Hitt</u>, in arguing that the testimony here should be excluded. <u>See</u> Government's Motion in Limine at 2.

The Government's reliance on <u>Thompson v. State Farm Fire and Casualty Co.</u> and <u>United States v. Hitt</u> is not persuasive. Both cases are distinguishable. In both <u>Thompson v. State Farm Fire</u>

and Casualty Co. and United States v. Hitt, the evidence sought to be offered had slight if any probative value. The evidence sought to be excluded in both cases did not bear on the central issues. Here, the evidence is relevant and has probative value because the Hartmans' testimony bears on the central issue of how the gun got into the truck and how Mr. Hartman could have forgotten the gun in the truck. The Hartmans' testimony is important, if not central, to Hanrahan's defense, and their testimony regarding the gun, the origin of the gun's location in that truck, how it came into Hanrahan's alleged possession, and other issues surrounding the gun possession are relevant.

The Court also cannot say that their emotional display is improper. It may be difficult for these parents to talk about their children without being emotional. If they do show emotion, it is proper for the attorneys to seek to have this emotion explained to the jury.

Such display of emotion and testimony go to credibility in front of the jury. Attempting to preclude witnesses from crying on the witness stand, even if possible, may limit the jury's ability to evaluate the witness' testimony. Their son, what happened to him, why he is not testifying, and why they may not be able to speak of him without showing emotion is relevant under rules 401 and 402 of the Federal Rules of Civil Procedure as to why he left the gun in the truck.

The Court also cannot say that the danger of unfair prejudice, of confusion of the issues and of misleading the jury substantially outweigh the evidence's probative value in a manner inconsistent with rule 403. The emotional display in the first trial did not disrupt proceedings. Moreover, any exclusion of this evidence may be unduly prejudicial to Hanrahan's defense, and limiting the full presentation of his defense may implicate his Fifth and Sixth Amendment rights. If their emotion is excessive, or explanation unpersuasive, the jury will realize that fact, and their performance on the stand will bear on the witnesses' credibility. The United States has the vehicle of cross examination

with which to probe any witness statements and displays of emotion.

Accordingly, the Court will, for the most part, permit the Hartmans, if they choose to testify, to tell their story in its entirety, and the Court will not enter an order in limine precluding the witnesses from crying on the witness stand. The Court will, however, preclude the witnesses from testifying about their feelings about the death of their son, and like testimony, unless they show emotion and that show of emotion makes some explanation appropriate. The Court will not preclude them from testifying about their feelings about the case.

**IT IS ORDERED** that the Government's Motion in Limine is denied, except that the witnesses may not testify regarding their feelings about the death of their son unless they show emotion and that emotion makes some explanation appropriate.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE

*Counsel:*

Johnny Sutton
  United States Attorney
Judith A. Patton
  Assistant United States Attorney
San Antonio, Texas

     *Attorneys for the Plaintiff*

Jane Greek
  Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

     *Attorney for the Defendant*