## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                      No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Government's Motion for Pre-Trial Ruling on Impeachment of Defendant with Certain Felony Convictions, filed November 1, 2005 (Doc. 72). The primary issue is whether the Court should allow the United States to use Defendant Robert Michael Hanrahan's two convictions for Receiving or Transferring a Stolen Vehicle, and his conviction for Bringing Contraband into a Jail Facility, for impeachment at the retrial. Because the Court is convinced that the conviction originating on July 2, 1996 for Receiving or Transferring a Stolen Vehicle was done with deceit, but the United States has not sufficiently proved that the conviction originating on September 23, 1996 for Receiving or Transferring a Stolen Vehicle was done with deceit as contemplated by rule (609)(a)(2), and the conviction for Bringing Contraband into a Jail Facility did not involve deceit or untruthfulness, the Court will grant the United States' motion in part and deny it in part.[1]

---

[1] The Court's ruling in this matter does not effect the Court's previous ruling in the first trial to allow the United States to impeach Hanrahan with his convictions for possession or use of an altered license, and for forgery.

## FACTUAL BACKGROUND

1.    **Conviction for Receiving or Transferring a Stolen Vehicle, Originating on July 2, 1996.**

Hanrahan has two convictions for Receiving or Transferring a Stolen Vehicle: one originating on July 2, 1996, and one originating on September 23, 1996. Both convictions are included in the "Judgment, Partially Suspended Sentence and Commitment," file stamped February 13, 1997. See Judgment, Partially Suspended Sentence and Commitment, State of New Mexico v. Hanrahan, No. CRCR 96-3070; 96-2188 ("1997 Judgment")(filed February 13, 1997).

As to the July 2, 1996 conviction, the offense report indicates that Hanrahan was arrested after officers observed him drive a stolen Toyota MR-2 bearing a license plate which did not belong to the vehicle. See State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated July 2, 1996). The investigation was focused on a theft ring stealing Toyota vehicles by use of a master key set, which Hanrahan possessed at the time of arrest. See id.

Further, on the date of his arrest, Hanrahan used a fraudulently manufactured New Mexico Driver's License with his photograph implanted in the license of another person. See id. Other identification on Hanrahan helped to establish his identity to the arresting officers. See id.

Not knowing that officers had been advised he possessed the vehicle for a week, or that they observed him drive the vehicle, Hanrahan represented that he was "just getting some beer out of the vehicle." Id. Hanrahan initially lied to the officers, but then admitted that he possessed the vehicle for a week. See id. Thus, on the date of this arrest, July 2, 1996, Hanrahan possessed a fraudulently manufactured driver's license, drove a stolen vehicle for which the plate had been unlawfully replaced to conceal its identity, and possessed a key not belonging to the owner, in a case centered on use of

a Toyota master key set.  See id.  Further, Hanrahan lied to officers at the scene of investigation.  See id.

**2.**      **Conviction for Receiving or Transferring a Stolen Vehicle and Forgery (Make or Alter) Originating on September 23, 1996.**

The second conviction for Receiving or Transferring a Stolen Vehicle originated on September 23, 1996, and is also included in the "Judgment, Partially Suspended Sentence and Commitment," file-stamped February 13, 1997.  See 1997 Judgment at 1; State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated September 23, 1996).  The Judgment consolidated Criminal Case Numbers 96-3070 and 96-2188.  See 1997 Judgment at 1.  In the September 23, 1996 arrest, Hanrahan was arrested in a stolen Toyota pick-up truck.  See State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated September 23, 1996)

At the time of the arrest, Hanrahan did not possess a key for the vehicle, and he refused to tell the officers how he started the vehicle.  See id.  Hanrahan was operating the stolen vehicle at the time he possessed a fraudulently manufactured driver's license in the name of "Kevin Dullea" with Hanrahan's photograph imposed over the original license.  See id.  Also, at the time of the arrest, Hanrahan was in possession of a fraudulently manufactured payroll check made out to "Kevin Dullea."  See id.

In the room in which Hanrahan was staying at the Imperial Inn in Albuquerque, New Mexico, officers observed a star writer with a monitor and a copy machine with copies of checks in the manufacture of fraudulently issued checks.  See id.  Hanrahan used cash to rent the hotel room and falsely identified himself as "Kevin Dullea" to rent the room.  Hanrahan was convicted of Receiving or Transferring a Stolen Vehicle as well as for Forgery (Make or Alter).  See 1997 Judgment at 1-3.

-3-

3.      **Conviction for Bringing Contraband into a Jail Facility.**

The Conviction for Bringing Contraband into a Jail Facility arose on November 28, 1996, and resulted in "Judgment, Partially Suspended Sentence and Commitment," file stamped February 2, 1998.  See Judgment, Partially Suspended Sentence and Commitment, State of New Mexico v. Hanrahan, No. CRCR 97-1728 and CRCR 97-1728 Supplemental ("1998 Judgment") at 1-3, (filed February 2, 1998).  The offense report, see State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated November 28, 1996), indicates that, while an inmate at Bernalillo County Detention Center, Hanrahan was in possession of a knife fashioned from a door latch plate.  An inmate, with whom Hanrahan asserted he was having difficulty, was stabbed with the knife.  See id.

According to the report, other inmates advised authorities at the facility that Hanrahan had a "shank" on his person.  See id.  The device was then retrieved from the floor at Hanrahan's feet in a search.  See id.  It was described as a "home-made device," and the pointed edge was constructed from a door jamb strike plate.  See id.

## PROCEDURAL BACKGROUND

In a previous ruling, the Court advised that it would allow the United States to impeach Hanrahan with his convictions for possession or use of an altered license, and for forgery.  See Memorandum Opinion and Order at 4, filed August 8, 2005 (Doc. 60).  Additionally, the Court advised that it would consider allowing the United States to use the prior convictions for Receiving or Transferring a Stolen Vehicle if the United States presented additional facts demonstrating that the crime involved deceitfulness or untruthfulness.  See id.

The United States advises the Court that additional information has come into its possession since the Court's previous ruling.  See Government's Motion for Pre-Trial Ruling on Impeachment

-4-

of Defendant With Certain Felony Convictions ("Motion for Pre-Trial Ruling") at 1.  The United

States has obtained certified copies of the relevant convictions.  <u>See id.</u> at 1; 1997 Judgment; 1998

Judgment.  The United States moves the Court to allow it to impeach Hanrahan at trial with some

of his more recent felony convictions.  <u>See</u> Motion for Pre-trial Ruling at 1-4.

### <u>Rule 609(a)(2)</u>

Even though a crime may not be a crime of dishonesty per se as contemplated by rule

609(a)(2), where such a crime arises out of fraudulent and deceitful conduct, that crime may fit within

the parameters of rule 609(a)(2).  In <u>United States v. Seamster</u>, 568 F.2d 188, (10th Cir. 1978), the

United States Court of Appeals for the Tenth Circuit stated:

> We conclude that the prior convictions of burglary offered as impeaching evidence in
> this case were not automatically admissible under Rule 609(a)(2).  This would not
> exclude theft cases arising out of fraudulent and deceitful conduct which might bring
> them within the ambit of Rule 609(a)(2).  When such an issue arises, the trial court
> could determine the question on a case by case basis.

<u>See id.</u> at 191; <u>United States v. Glenn</u>, 667 F.2d 1269, 1273 (9th Cir. 1981)("A conviction for

burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually

committed by fraudulent or deceitful means." (citations omitted)); <u>United States v. Brackeen</u>, 969

F.2d 827, 829 (9th Cir. 1992)("Brackeen's bank robberies did not involve any 'false statements,'and

were not 'actually committed by fraudulent or deceitful means.'  Accordingly, the only issue in this

case is whether bank robbery is per se a crime of 'dishonesty' under Rule 609, regardless of the

means by which it is perpetrated.")

"Congress intended to limit the term to prior convictions involving some element of deceit,

untruthfulness or falsification which would tend to show that an accused would be likely to testify

untruthfully." <u>United States v. Seamster</u>, 568 F.2d at 190.  "Because the crime of larceny or theft is

neither enumerated above nor encompassed by the strict meaning of the term 'crimen falsi,' an inference arises that Congress intended the term 'dishonesty' in Rule 609(a)(2) to mean something more than a man's propensity to steal what does not belong to him." Id. at 191.

## ANALYSIS

The Court will allow the conviction for Receiving or Transferring a Stolen Vehicle originating July 2, 1996 for impeachment of Hanrahan and will not allow the conviction for Receiving or Transferring a Stolen Vehicle originating September 23, 1996 for impeachment of Hanrahan.  The facts indicate that the conviction originating on July 2, 1996 is a crime involving deceitfulness or untruthfulness.  The Court's ruling is consistent with the Tenth Circuit's statement in United States v. Seamster.  The crime itself here involved deceit and dishonesty beyond that dishonesty normally contemplated in the crime of transferring and receiving a stolen vehicle, and tends to show that the accused here would be likely to testify untruthfully.  On the date of the arrest, July 2, 1996, Hanrahan was found with a fraudulent driver's license, drove a stolen vehicle for which the plate had been unlawfully replaced to conceal its identity, and possessed a key not belonging to the owner, in a case centered on use of a Toyota master key set. See State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated July 2, 1996). Further, Hanrahan lied to officers at the scene of investigation.  See id.  The conviction results from conduct that is deceitful and untruthful, and the Court will allow the conviction to be used for impeachment.

Concerning the conviction originating September 23, 1996, the United States has not proved sufficiently that the crime indicates deceitfulness and dishonesty, beyond that dishonesty normally contemplated in a crime of Receiving or Transferring a Stolen Vehicle, and has not

sufficiently proved that the crime here tends to show that the accused here would be likely to testify untruthfully.

At the time of the arrest, Hanrahan did not possess a key for the vehicle, and he refused to tell the officers how he started the vehicle.  <u>See</u> State of New Mexico Uniform Incident Report at Synopsis, Narrative (dated September 23, 1996).  Hanrahan was operating the stolen vehicle at the time he possessed a fraudulently manufactured driver's license in the name of "Kevin Dullea" with Hanrahan's photograph imposed over the original license.  <u>See id.</u>  Also, at the time of the arrest, Hanrahan was in possession of a fraudulently manufactured payroll check made out to "Kevin Dullea."  <u>See id.</u>

In the room in which Hanrahan was staying at the Imperial Inn in Albuquerque, New Mexico, officers observed a star writer with a monitor and a copy machine with copies of checks in the manufacture of fraudulently issued checks.  <u>See id.</u>  Hanrahan used cash to rent the hotel room and  falsely identified himself as "Kevin Dullea" to the such room.  <u>See id.</u>  Although many of these circumstances show fraud and deceit, the United States has not sufficiently shown that the crime in question -- Receiving or Transferring a Stolen Vehicle -- arises out or "involved" of these dishonest or false circumstances.  The United States has not sufficiently linked the facts above involving deceit to the actual crime of Receiving or Transferring a Stolen Vehicle.  In the first conviction, the license plate on the actual stolen vehicle had been unlawfully replaced to conceal its identity in conjunction with the other actions of deceit and untruthfulness.  In the second conviction, there is no fact similar to the active concealment of the license plate on the actual stolen vehicle as occurred in the first conviction.

Additionally, the United States asks the Court to reconsider the previous ruling on

impeachment and allow impeachment with the felony conviction for Bringing Contraband into a Jail Facility.  The conviction did not, however, involve deceitfulness and untruthfulness.  The Court does not believe Hanrahan's behavior indicates deceitfulness or untruthfulness, and will not allow the United States to use this conviction for impeachment.

**IT IS ORDERED** that the Government's Motion for Pre-Trial ruling on Impeachment of Defendant with Certain Felony Convictions is granted in part and denied in part.  The United States may use the conviction originating on July 2, 1996 for Receiving or Transferring a Stolen Vehicle, as it was done with deceit, for impeachment, but the United States may not use the conviction originating on September 23, 1996 for Receiving or Transferring a Stolen Vehicle for impeachment, and the United States may not use the conviction for Bringing Contraband into a Jail Facility for impeachment.[2]

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Johnny Sutton
    United States Attorney
Judith A. Patton
    Assistant United States Attorney
San Antonio, Texas

        *Attorneys for the Plaintiff*

_____

[2]  At the hearing on this motion, Hanrahan's counsel stated that she agreed with the Court's ruling on this matter.  See Transcript of Hearing at 14:7-8; 15:14-16 (taken on November 7, 2005)(Jane Greek).

Jane Greek
Barbara Mandel
   Assistant Federal Public Defenders
Federal Public Defender's Office
Las Cruces, New Mexico

     *Attorneys for the Defendant*