IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Extend Time to File Motion for New Trial, filed November 18, 2005 (Doc. 91). The primary issue is whether the court should extend the time in which the Defendant Robert Michael Hanrahan may file a motion for new trial. Because Hanrahan's motion is timely, and his grounds for extension show good cause, the Court will grant the extension and defer any discussion whether the proposed motion is appropriate until and if a motion is filed.

## PROCEDURAL BACKGROUND

The second trial lasted two days, the United States called several rebuttal witnesses, and the Court and the parties addressed several notes from the jury during deliberations. Two attorneys represented Hanrahan.

Hanrahan represents that he requires an extension of time in which to obtain the trial transcript, review it for trial error, and determine whether a motion for a new trial is necessary to determine his Fifth and Sixth Amendment rights. See Motion to Extend Time to File Motion for New Trial at 1. Hanrahan contends that review of the transcript, once obtained, will take several days.

See id. Hanrahan also contends that he needs an opportunity to interview the jurors because there was an extended recess in the middle of jury deliberations. See Transcript of Hearing at 3:11-24 (taken November 21, 2005).[1] Hanrahan's counsel requests a thirty-day extension of time, making the due date for a motion for new trial on December 21, 2005. See id.

The United States advises the Court that Hanrahan's counsel contacted the United States' counsel on November 16, 2005 by voice mail message and requested additional time to obtain a trial transcript to "look through" to file a motion for a new trial pursuant to rule 33(b)(2). Government's Opposition to Defendant's Motion for Extension of Time Within Which to File a Motion for New Trial at 1, filed November 21, 2005. Hanrahan moves the Court, pursuant to rule 33(b)(2) of the Federal Rules of Criminal Procedure, for an extension of time to file a motion for new trial, if he deems one appropriate. See Motion to Extend Time to File Motion for New Trial at 1. The United States opposes this motion. See Government's Opposition to Defendant's Motion for Extension of Time Within Which to File a Motion for New Trial at 1.

## RULE 33

The verdict is presumptively valid, and the trial court may grant a new trial if it concludes that the trial has resulted in a miscarriage of justice. See 3 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 551, at 456 (3d ed. 2004). Thus, rule 33 provides a mechanism for relief in extreme cases where the court perceives that a miscarriage of justice has occurred. "The court 'should be sensitive to any evidence which shows that the original trial resulted in a miscarriage of justice and weigh it carefully against the interest in finality and adherence to procedural

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

requirements.'" 3 C. Wright, A. Miller & M. Kane, supra (quoting United States v. Miller, 277 F.Supp. 200, 206 (D. Conn. 1967)). Additionally, "[o]n a motion for new trial the court must review the challenged trial proceedings to insure that the dictates of due process have been met; though defendants are entitled to a fair trial, but not a perfect one, the court may not thereby abdicate its obligation to insure that fundamental fairness has been provided." 3 C. Wright, A. Miller & M. Kane, supra (quoting United States v. Narciso, 446 F.Supp. 252, 305 (D. Mich. 1977)). Thus, the concern of a motion for a new trial pursuant to rule 33 is whether the defendant received due process, weighing the interest in finality with the dictates of fundamental fairness.

Rule 33 allows a trial court to order a new trial "if the interest of justice so requires." Rule 33 provides, in pertinent part:

> **Rule 33.  New Trial**
>
> **(a) Defendant's Motion.**  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . . .
>
> **(b) Time to File.**
>
> > **(1) Newly Discovered Evidence .** . . .
> >
> > **(2) Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

## ANALYSIS

The United States submits that rule 33 does not contemplate granting Hanrahan additional time within which to seek a basis for a motion for a new trial. See Government's Opposition to Defendant's Motion for Extension of Time Within Which to File a Motion for New Trial at 2-3. The United States contends that rule 33 sets forth time limits that are consistent with the rule's purpose.

The United States argues that, if Hanrahan seeks such an extreme remedy, the basis for the motion should be more obvious. See id. at 2.

The United States contends that Hanrahan's two attorneys could raise glaring error within seven days. See id. The United States argues that rule 33 was not designed to allow defense counsel to scour the record to seek a basis for the motion, or to seek to expand or to explain the record, or further develop any potential appellate issues. See id.

Hanrahan's motion to extend his time for filing a rule 33 motion is timely. Rule 33 provides for consideration of a new trial to prevent a miscarriage of justice. Hanrahan has shown good cause to extend the time in which he must file his motion for a new trail. The Court cannot say that any claim contemplated by rule 33 can be made within the rule's time limits.

The Court cannot say that the delay, if any, will be unnecessary. Now is not the time to decide whether Hanrahan is attempting to use rule 33(b)(2) for purposes outside of Rule 33(a)'s scope. The better course would be to let Hanrahan carefully prepare his motion and the Court decide then whether it is proper.

**IT IS ORDERED** that the Defendant's Motion to Extend Time to File Motion for New Trial is granted. The Defendant is granted a thirty-day extension of time within which to file his Motion for New Trial, if he deems one appropriate. The filing deadline for the motion shall be December 21, 2005.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Johnny Sutton
  United States Attorney
Judith A. Patton
  Assistant United States Attorney
    Appointed Special Attorney
United States Attorney's Office
Western District of Texas
United States Department of Justice
San Antonio, Texas

    *Attorneys for the Plaintiff*

Jane Greek
Barbara Mandel
  Assistant Federal Public Defenders
Federal Public Defender
Las Cruces, New Mexico

    *Attorneys for the Defendant*