IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Definite Setting, filed May 10, 2006 (Doc. 100). The primary issue is whether the Court should vacate the federal sentencing before a state trial to accommodate the schedules of the United States' counsel and case agent. Because the Court concludes that Defendant Robert Michael Hanrahan's interest in avoiding an increased criminal history under the United States Sentencing Guidelines outweighs the hardship to the United States, the Court grants Hanrahan's request to sentence him on May 23, 2006.

## PROCEDURAL BACKGROUND

The United States Probation Office prepared a Presentence Report ("PSR"). Hanrahan refused "to sign any type of release of information form." PSR ¶ 62, at 26. The only source of information for the portion of the report for paragraphs 62-84, entitled "Part C Offender Characteristics," is Hanrahan and his mother. See id. ¶¶ 62-63.

The Probation Office disclosed the PSR on January 26, 2006. See id. at 1. Hanrahan's counsel represents that she filed informal objections with the Probation Officer on February 22, 2006. See Motion for Definite Setting at 1. The Probation Office filed an Addendum to the PSR. Hanrahan

filed formal objections and a sentencing memorandum on April 12, 2006.  See Objections to Presentence Report (Doc. 98); Sentencing Memorandum (Doc. 99).

Hanrahan's state court trial is set to begin May 31, 2006.  See Motion for Definite Setting at 1; Government's Response to Defendant's Motion for Definite Setting ("Response") at 2, filed May 12, 2006 (Doc. 103).  The United States represents that it previously believed the trial in the Second Judicial District Court, Bernalillo County, State of New Mexico was to commence on May 30, 2006, but Assistant District Attorney Mark Drebbing, the Assistant District Attorney prosecuting the state case, has informed the United States that the trial was reset to begin on May 31 at Hanrahan's request.  See Response at 2 n.3.  Mr. Drebbing anticipates that the trial will last at least one week.  See id. at 2-3.

Hanrahan moves the Court for sentencing before his state trial commences May 31, 2006.  See Motion for Definite Setting at 1.  Hanrahan requests that the Court set sentencing for a date on or before May 24, 2006.  See id. at 2.  The United States objects to this request.  See id.

On May 11, 2006, the Court set Hanrahan's sentencing hearing for Tuesday, May 23, 2006 at 10:00 a.m.  See Notice of Sentencing Hearing (Doc. 101).  On May 12, the United States filed its Response to Defendant's Motion for Definite Setting.  The United States joins Hanrahan in requesting a definite setting, but opposes setting the case for sentencing hearing on May 24, 2006.  See Response at 1.

The United States represents that the case agent will be a witness at the sentencing hearing and that he is an integral part of the prosecution of this case.  See id. at 2.  The United States advises the Court that the case agent, SSA Frank Ortiz, will be on annual leave from May 24-26, 2006 for a family wedding and then will be on annual leave from June 5-June 26 with non-refundable airline tickets to celebrate a significant wedding anniversary.  See id.  Additionally, the United States'

counsel will be "attending the final hearing of her college-age child during the week of May 22, 2006 and the senior piano recital on May 30, 2006 before the piano faculty and guests at a university located outside of San Antonio, followed by a reception for the graduate" hosted by the United States' counsel. Id. The United States represents that travel to New Mexico during the month of May would pose an exceptional hardship on counsel for the United States and her graduate. See id. The United States requests that the Court set sentencing for a date at least thirty days from the date of the order setting the hearing to allow for issuance of subpoenas, planned travel by the out-of-district Assistant United States Attorney, scheduled leave, and complete presentation of the case at sentencing. See id.

## RULE 32(b)(1)

Rule 32(b)(1) of the Federal Rules of Criminal Procedure provides that "[t]he court must impose sentence without unnecessary delay."

## SENTENCING FACTORS

A court may consider a defendant's refusal to release information for the preparation of a PSR for sentencing purposes. United States v. Washington, No. 94-50283, 1994 U.S. App. LEXIS 29188, at *2-3 (9th Cir. Oct. 12, 1994)("Appellant had no right, constitutional or otherwise, to require the court to rely on his unverified assertions and grant him the more lenient sentence . . . .")(unpublished disposition). See United States v. Henderson, No. 94-6431, 1995 U.S. App. LEXIS 20511, at *5-7 (6th Cir. July 18, 1995)(unpublished disposition)(finding that refusing to sign a release of information requested by the probation officer as well as lying justified denying the defendant acceptance of responsibility pursuant to U.S.S.G. § 3E1.1).

## ANALYSIS

The parties have good reasons for their positions. There are competing interests. The Court

make's its decision based on whom is less harmed.

The United States contends that the PSR is significantly lacking in detail.  <u>See</u> Response at 1-2 n.1.  The United States seeks to provide more complete and useful information than what was available to the probation officer because of Hanrahan's refusal to sign the release of information form.  <u>See id.</u>  The United States seeks a date for sentencing at which witnesses may testify regarding matters pertinent to alleged omissions in the PSR, relevant to the United States' opposition to Hanrahan's motion for downward departure from the advisory guidelines, and material to the United States' request for a sentence at the high end of the advisory sentencing guidelines.  <u>See id.</u> at 1.

Certainly all wedding anniversaries are significant, but the United States represents that Ortiz' has a number attached to it that merits at least a three-week vacation with non-refundable airline tickets.  The Court believes that a sentencing on May 23 avoids Ortiz' anniversary plans.  While the date is no doubt inconvenient to the United States' main players, it appears that this date is doable.  Having the sentencing on May 23 may be more difficult for counsel and the case agent than if it were held later, but there does not appear to be a direct conflict with May 23.

On the other hand, if the Court delays this sentencing, and Hanrahan is convicted in state court, the delay may well increase his criminal history score under the Guidelines.  Because of the importance of the Guidelines in sentencing within the United States Court of Appeals for the Tenth Circuit, the delay may have the actual effect of increasing Hanrahan's sentence.  While the Court is cognizant of the hardship on the United States, the Court believes that the increased incarceration Hanrahan may face if there is a delay outweighs the hardship to the United States.

Delaying Hanrahan's sentencing any longer than May 24, 2006 is unnecessary.  The United States' counsel has had adequate time to respond to all pleadings.  The Court is confident that it will be fully apprized at or before the sentencing.  And if Hanrahan's state trial is vacated for any reason

before sentencing, the Court will vacate its sentencing hearing.

**IT IS ORDERED** that the Defendant's Motion for a Definite Setting is granted. The Court will keep the sentencing for May 23, 2006. The Defendant's counsel shall call the Court's courtroom deputy clerk each day to advise whether the state trial has been vacated.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ronald Jennings
   Assistant United States Attorney
Las Cruces, New Mexico

-- and --

Johnny Sutton
   United States Attorney
Judith A. Patton
   Assistant United States Attorney
United States Attorney's Office
San Antonio, Texas

     *Attorneys for the Plaintiff*

Jane Greek
   Assistant Federal Public Defender
Federal Public Defender's Office
Las Cruces, New Mexico

     *Attorney for the Defendant*