**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed April 12, 2006 (Doc. 98). The Court heard argument on Defendant Robert Michael Hanrahan's objections at his evidentiary sentencing hearing on August 24, 2006. The primary issues are: (i) whether Hanrahan is entitled to a two-level acceptance of responsibility reduction; and (ii) whether the Court should strike paragraphs 52-61 of the Presentence Investigation Report ("PSR") because the allegations are stale, irrelevant, and prejudicial. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court overrules Hanrahan's objections to the PSR.

**PROCEDURAL BACKGROUND**

The jury found Hanrahan guilty at the second trial. See Verdict, filed November 14, 2005 (Doc. 88). On January 26, 2006, Probation released its PSR. In paragraph 18, which is part of Probation's Offense Level Computations, Probation does not give Hanrahan any adjustment for acceptance of responsibility and states:

Pursuant to U.S.S.G. § 3E1.1, Application Note 2, a reduction for acceptance of

> responsibility "is not intended to apply to a defendant who puts the Government to its burden of proof at trial by denying the essential factual elements of the guilt." The defendant was convicted of this offense at trial. He has not accepted responsibility for his criminal conduct; therefore, an adjustment under this section will not be applied.

PSR ¶ 18, at 5. Paragraphs 52-61 set forth Hanrahan's "Other Criminal Conduct."

On April 6, 2006, Probation disclosed its Addendum to the Presentence Report, with Additional Information. See Addendum to PSR. Probation stated that, since the disclosure of the PSR, it had received additional information regarding Hanrahan's behavior while in custody through the New Mexico Department of Corrections and at the Bernalillo Metropolitan Detention Center in Albuquerque, New Mexico. See id. at 1. According to information from the New Mexico Department of Corrections, Hanrahan received the following documented infractions while in custody: (i) 02/14/97: "Entering another Inmates Cell"; (ii) 10/22/97: "Failure to Report to an Assignment"; (iii) 12/02/97: "Refusing a Lawful Order"; (iv) 12/16/98: "Participating in or Impeding Control of a Disturbance"; (v) 04/08/99: "Refusing a Lawful Order"; (vi) 06/11/99: "Alteration of a Cell"; and (vii) 08/16/00: "Destruction of State Property." Id. The Addendum also contains information about his placement and moves within the detention facilities. See id. at 1-2.

Hanrahan has made two formal objections to the PSR. Hanrahan first objects to paragraph 18. See Objections to Presentence Report ¶ 1, at 1. Hanrahan contends that he is entitled to a two-level acceptance of responsibility reduction. See id. Hanrahan maintains that he did not deny the essential facts of possession, but rather, at trial, the issue came down to a legal question whether his possession was fleeting and therefore not criminal possession or was, in fact, a protracted possession. See id. Hanrahan asserts that he admitted his possession from the outset. See id. Hanrahan therefore argues that he is entitled to a two-level reduction. See id.

Hanrahan also objects to paragraphs 52-61 and requests that the Court strike those paragraphs. See id. ¶ 2, at 1. Hanrahan contends that they contain allegations that are "stale, irrelevant, and prejudicial." Id. Hanrahan represents that his counsel will detail specific objections paragraph by paragraph if the court deems it necessary. See id.

In its Second Addendum to the Presentence Report ("Second Addendum to PSR"), disclosed April 17, 2006, Probation responded to Hanrahan's first objection as follows:

> Pursuant to U.S.S.G. § 3E1.1 Application Note 2, "this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Although conviction at trial does not necessarily exclude the defendant from receiving a reduction for acceptance of responsibility, "in rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." In this case, Mr. Hanrahan took this case to Jury trial on two occasions and there is no information to suggest that he accepted responsibility for his actions, either through oral or written statements to the United States Probation office or to the Government. Based on this information, the two level reduction for acceptance of responsibility will not be applied.

Second Addendum to PSR, Response #1, at 1. Probation also responded to Hanrahan's second objection:

> Pursuant to 18 U.S.C. § 3661, Use of Information for Sentencing, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Additionally, pursuant to 18 U.S.C. § 3553(a)(1), "the Court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant." The Court has the right to be made aware of all of the defendant's criminal history, including convictions for which no criminal history points were given, and regarding all cases that have been dismissed against the defendant, so that a more informed decision can be made regarding the defendant's sentence. Based on this information, the presentence report will remain unchanged.

Id., Response #2, at 1-2 (emphasis in original).

## ANALYSIS

**1. Paragraph 18.**

The Court agrees with Probation's determination that Hanrahan is not entitled to a reduction in his offense level for acceptance of responsibility and will overrule his objection. Hanrahan did nothing before the two trials to indicate that he was accepting responsibility for his criminal conduct, nor did he concede the factual or legal basis for any of the elements of the crime. While Hanrahan now states he conceded possession, that was not at all clear to the Court or the United States at trial; indeed, factual and legal possession was rigorously contested at trial.

The Court would not deny the two-level reduction because Hanrahan filed a motion to suppress. A defendant certainly may file such a motion and receive a reduction for acceptance. The Court notes, however, that Hanrahan filed a motion to suppress evidence, including the gun. Pre-trial was focused on that motion and on others, not on acceptance of responsibility. While Hanrahan certainly had a right to file a motion to suppress and to vigorously defend against the charges, the Court does not believe that it can consider Hanrahan's pre-trial conduct as indicating or signaling acceptance of responsibility.

**2. Paragraphs 52 through 61.**

The Court agrees with Probation's response to Hanrahan's second objection and will overrule it. The United States is asking the Court to sentence at the high end of the guideline sentencing range, and asked the Court for a full day evidentiary sentencing hearing. Hanrahan is asking the Court to deviate from the guidelines and sentence him to the statutory minimum.

Given the length of sentence that Hanrahan faces, and the disparity in the parties' requests to

the Court, the Court cannot, at this point, state what information will or will not be helpful in making its sentencing decision.

**IT IS ORDERED** that the Objections to the Presentence Report are overruled.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Johnny Sutton
United States Attorney
Judith A. Patton
Assistant United States Attorney
San Antonio, Texas

*Attorneys for the Plaintiff*

Jane Greek
Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

*Attorneys for the Defendant*