## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                    No. CR 04-1978 JB

ROBERT MICHAEL HANRAHAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Sentencing Memorandum, filed April 12, 2006 (Doc. 99); (ii) Government's Sentencing Memorandum, filed May 12, 2006 (Doc. 102); and (iii) Defendant's Response to Government's Sentencing Memorandum, filed May 16, 2006 (Doc. 104). The Court held an evidentiary sentencing hearing on August 24, 2006. The primary issue is whether the Court should depart or deviate from the Guideline sentence. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny Hanrahan's request for a departure or for a deviation from the Guideline sentence, but will also deny the United States' request for a sentence at the high end of the Guideline range, and the Court will sentence Hanrahan to a sentence at the low end of the Guideline range.

## ANALYSIS

Hanrahan raises four primary bases for deviating or departing from the Guideline sentence: (i) "nature of the offense was benign"; (ii) "a sentence of more than 15 years is unreasonable"; (iii) "recidivism is unlikely"; and (iv) "the prior crimes are stale." Sentencing Memorandum at 1-4. The Court has carefully considered these grounds, as well as others related to these, and is not persuaded

that the Court should deviate or depart from the Guideline sentence.  On the other hand, the Court believes some of these factors counsel that the Court should issue a sentence at the low end of the Guideline range.

   **1.     Nature of the Offense.**

Hanrahan argues that the Court should deviate because the gun was extremely small, unloaded, and did not work at the time he possessed it.  See Sentencing Memorandum at 2.  He further contends that he was open and honest at the time of the arrest, there was no ammunition found in the truck, and the gun was not being used in any crime of violence or to threaten assault.  See id.

There is evidence before the Court that the firearm was designed for concealment, could be used for concealment, and could be used in criminal ventures.  It was referred to in one of the trials as a pocket pistol.  There was evidence at trial that it expelled a .22 caliber long-range bullet.  It was an easy weapon to conceal.  The Court therefore believes that the size of the gun does not present grounds for not applying the Guidelines.  Hanrahan has not pointed to any law that makes a distinction based on the size of the gun, and the Court believes that the law does not make such a distinction.  This weapon was a firearm under the law.  There was evidence presented at trial that it could readily be made operable with the use of a rubber band.  The Court acknowledges that there was no ammunition found in Mr. Hanrahan's possession, but the finding of ammunition is not necessary for the crime to be committed.  When the Court looks at other felon-in-possession cases that have come before it, there does not seem to be any difference between those cases and this one.  Often felons are found in possession of guns for reasons other than commissions of a crime.

**2.     Reasonableness of the Guidelines Sentence.**

Hanrahan next argues that the Guideline sentence here is greater than is necessary to achieve the sentencing goals of punishment. See id. at 2. The Court has considered all of the sentencing goals and believes that the Guideline sentence is reasonable. And, although the Guidelines are not mandatory, the Court takes them into account in determining a reasonable sentence. The Court does not believe that the circumstances suggest a deviation from the Guidelines.

**3.     Likelihood of Recidivism.**

Hanrahan further contends that the Court should deviate because recidivism rates decline relatively consistently as age increases. He relies on United States v. Collins, 122 F.3d 1297, 1308 (10th Cir. 1997), for the proposition that a court may depart or deviate when a defendant's old age and ill health show that the defendant is less likely to recidivate. The United States Court of Appeals for the Tenth Circuit, in United States v. Collins, held that the "district court was well within its discretion in concluding that [the defendant was] less likely to recidivate than the ordinary defendant categorized as a career offender," where the defendant was sixty-four at the time of sentencing and would be nearly seventy years old when released, and the defendant suffered from heart disease, high blood pressure, ulcers, arthritis and prostatitis. 122 F.3d at 1307-08.

Hanrahan's case is distinguishable. First, Hanrahan has presented no evidence that he suffers from any infirmities. Second, Hanrahan is in his forties and will be in his sixties when he is released, while the defendant in United States v. Collins was sixty-four at the time of sentencing. This distinction is significant, because otherwise, a court would deviate or depart based on recidivism every time a defendant's sentence ended in their old age regardless whether the defendant was twenty-one or fifty years old at the time of sentencing. The Court believes that, where as here, a

defendant is not already in his old age when sentenced, the likelihood of recidivism based on age alone does not warrant a deviation or departure. And, even if such a deviation or departure were warranted in some cases, the Court would choose not to depart or deviate because the Court believes that a deviation or departure is not warranted under the facts and circumstances here. Unfortunately those defendants who end up with armed career criminal status often have very similar facts and circumstances, and it is difficult to distinguish this case from others in which this and other federal courts have had with armed career criminal cases. This case fits into the heartland of those cases. Moreover, even if a departure were authorized under the facts of the case, the Court would exercise its discretion not to depart or deviate under the Guidelines. The Court believes that the arguments concerning recidivism in this case are more appropriately considered as factors under the Guideline sentence. The crimes described in the presentence report are many, and they involve firearms and repeated violence. There are both charged and uncharged crimes that include incidents of firearms, methamphetamine, false identification, threats against victims, and probation and parole revocations. Some crimes have been recent, and state charges are currently pending. See Presentence Investigation Report ¶ 50, at 22 (disclosure date January 26, 2006). The Court believes that recidivism is likely. There is no evidence before the Court that rehabilitation is having an affect on Hanrahan.

### 4. **The Prior Crimes are Stale.**

Finally, Hanrahan argues that the Court should deviate from the Guidelines because the prior convictions are stale. The Court recognizes that two prior convictions occurred in 1982 and in 1988, but when the Court looks at the overall pattern, it does not appear to the Court that Hanrahan has ceased his criminal activity. When the Court reviews the lengthy conviction record and charge record

and other criminal activity, the Court does not have any confidence that there is a pattern of improvement, but rather, the criminal activity continues up to the present time. The Court does not believe that the date of some prior convictions warrants a deviation under these circumstances.

**IT IS ORDERED** that the Court will deny Hanrahan's request for a departure or deviation. The Court will also deny the United States' request for a sentence at the high end of the Guideline range.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Johnny Sutton
  United States Attorney
Judith A. Patton
  Assistant United States Attorney
San Antonio, Texas

*Attorneys for the Plaintiff*

Jane Greek
  Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

*Attorneys for the Defendant*